IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DELORIS PHILLIPS,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-2864-P-BK |
| | § | |
| **CITY OF DALLAS,** *et al.*, | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for screening. A review of the pleadings reveals that this case was improperly removed from the state court. Thus, it should be **REMANDED,** *sua sponte*.[1]

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The Court liberally construes Plaintiff's filings with all possible deference due a pro se litigant. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers).

---

[1] Although there is no binding precedent in this Circuit addressing whether a Magistrate Judge may adjudicate remands, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol Cnty. Mut. Fire Ins. Co.,* 609 F. Supp. 2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

Plaintiff filed her Notice of Removal in this case on August 8, 2014, seeking to remove the state court action she filed in the 192nd District Court of Dallas County on the basis of, as best the Court can decipher, federal question jurisdiction. Doc. 3 at 2; 9–42. However, by law, she may not do so.[2]

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). However, Plaintiff has attempted to remove her own action from the state court in which she filed it, which is clearly not permitted by the removal statute. 28 U.S.C. § 1441(a). Moreover, although Plaintiff has sued an agency of the United States which may have the right to remove, "this right cannot be transferred" to Plaintiff. *See Orillion v. Texaco, Inc.*, 963 F. Supp. 587, 589 (M.D. La. 1997) (holding the same in the context of a third-party plaintiff's removal to federal court).

Accordingly, because Plaintiff's notice of removal was improper, this Court lacks jurisdiction, and this case must be remanded to the state court.

---

[2] The Court notes that Plaintiff has been sanctioned by the Fifth Circuit and this Court for frivolous filings. *Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1–2 (5th Cir. May 16, 2012); *Phillips v. United Parcel Serv.*, No. 11-CV-2861, Doc. 57 (N.D. Tex. Oct. 19, 2012) (Boyle, J.). In both cases, Plaintiff has been barred from filing without leave and ordered not to communicate with either clerk's office. No. 11-CV-2861, Doc. 57 at 1–2.

## RECOMMENDATION

For the foregoing reasons, the Court should *sua sponte* **REMAND** this action to the 192nd District Court of Dallas County.

**SO RECOMMENDED** on August 15, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3